Case number 21-1165, Eugene C. Ross, appellant versus Securities and Exchange Commission. Mr. Cohn for the appellant, Mr. Rady for the appellate. Mr. Cohn, good morning. Please proceed. Good morning. Yes, my name is Steve Cohn. I'm the attorney for the petitioner Eugene Ross. This case raises three issues in which the commission committed error. First, in not finding original information. Second, in not finding Mr. Ross was voluntary. And third, not granting exemptive relief. In regard to the voluntary issue, this SEC improperly put a straitjacket on the concept of voluntary. And in so doing, they actually went against the three False Claims Act cases that they cited in their rulemaking to justify the current rule. They cited three cases also in their brief. The first was U.S. identical to the one that we were using. They used Webster's, we used Oxford. But applying that definition, Ross was voluntary. Second, in the case of Surgard, the whistleblower was involved in the fraudulent activity, and the contact with the government was Ross had no involvement. He discovered it. He was the true original source. And the contact was initiated only after he worked extensively with the victim and her attorney. They met 16 times where he helped explain the frauds. In Surgard, they criticized the delinquent. None of those apply to Ross. Exact opposite. The third case relied upon by the commission in justifying its rule, Barth, is extremely enlightening. Because in that case, this is what the court says. That the voluntary concept was to prevent opportunistic suits by but played no part in exposing it. Now, Phil, I think that to me, your bigger problem than the voluntary definition is the fact that the statute defines original information in such a way to appear to be that it has to be provided after July 21, 2010. And it seems that the statute says that in both subsection B there of that pertinent section in the original information definition, and it also implies the same in subsection C about awards where it says, well, you can get an award for a violation that happens before July 21, 2010, so long as the information that you are providing is after that date. So why isn't that clear? And your honor, first, I would agree that if the commission had found original information, I do believe they would have looked at voluntary differently. And I do believe that they would have looked at the exemptive relief differently. But going to original information, your arguments with what you're laying out, the commission laid out, all made sense prior to the Supreme Court's decision in digital. Digital changed the entire analysis. Why? Because what the statutory definitional section was unambiguous, if it's unambiguous and precisely defines the term, the statutory definition of original information, which is a term of art, was precise, unambiguous. It met the exact standard that the commission identified in digital. And what's important about digital is the lower courts, the Second Circuit, which did Stryker, the Ninth Circuit, they did the precise analysis that the commission wants you to do here. But what the Supreme Court said unanimously, no, this is a precise question at issue. Therefore, no deference should be given to the contrary view. As for the definition of original information, they spoke precisely to it. It's laid out clearly. And as the Supreme Court said, the commission was therefore, quote, I think that it's laid out clearly, but laid out clearly in a way that means that the information has to be provided after July 21, 2010. Well, Your Honor, if you look at the statutory definition, it has three components. Derived from independent knowledge. Yes, Ross met that. Not known to the commission from any other source unless Ross was the source. Yes, Ross met that. And not known from a public source. Yes, Ross met that. That's the precise definition. Now, if you go back to digital, what you'll see is that there were other parts of the statute that supported the commission's interpretation of the term whistleblower. In fact, the retaliation section, which was at issue, actually had a definition of a protected disclosure that included internal disclosures. So what the commission said is that this part of the statute, the retaliation part, and that's what was at issue in digital, it defined a protected disclosure as going internal. Well, I think, I think so. So I'm understanding each other. So I understand your argument about the definition, and I should have been clear. The definitions appear in section 76U-6. I'm talking about 76U-7 that talked about implementation in transition provisions. Okay. So that's, that's the, that's the section that I think has to be what is original information. Okay. So that section, section seven, there are two things to keep in mind. One, they're creating a safe harbor for people who don't use the proper form to, to submit a claim. So that, so what the commission is arguing that a safe harbor provision dealing with how you file somehow becomes a negation of a mandatory statutory definition. Second, and this is important, the commission... Well, not mandatory, but, but a precondition. Even if you meet all the standards, you still have to file after this date. And if you didn't file after this date, your claim is not properly a whistleblower claim under the statute. Why isn't that the way to read the statute? First is because the commission didn't provide original information. They did not issue a rule on the other provisions of the statute, and they didn't issue a rule. They, they, the rule at issue here interprets original information. And you may ask, why did they do that and not create a rule under subsection seven? The reason is if you look at their rulemaking authority, it only goes to subsection six. And this is what's very critical. It gave the commission tremendous authority to deny claims that are not submitted in the form required by the commission. That safe harbor provision prevented the commission from denying a claim that was not presented in the proper form between the time that the statute was passed and they did their final regulations. I don't see how you can read that in that manner, counsel. I mean, section six sets forth the definitions, and then section seven says, look, commission issue regulations to implement this. And then in the, that's subsection A, and then in subsection B, it says, look, you can still present original information before those regulations are implemented, because we know that that may take a while, just so long as it's after the July 21st, 2010 date. And, and then Congress uses the date again in talking about awards in subsection C to say, you know, if the violation is before the July 21, 2010 date, that won't preclude you from getting an award so long as you provide the information after that date, is a way that I read all of those things together. So, so, you know, I don't understand this whole thing that you're saying about, oh, it's just about whether there's some form that is properly complied with. It's all about how to implement the regulatory scheme. Your Honor, I'm just essentially saying that's a plausible explanation of the power of that, of subsection seven. They didn't issue a rule based on subsection seven. They issued a rule interpreting original information. And under digital, you just can't give the commission the benefit of the doubt. If they did one under subsection seven, it's a different case, but under digital, there's a precise definition of original information. It has three parts and under digital, the analysis must stop there. That's our position. So you're saying that when they did the rulemaking at issue here, they didn't cite subsection seven. They did not base a rule on subsection seven. They didn't look at subsection seven and create a rule on timing of filing claims. That's not my question. Did they cite subsection seven as their authority for promulgating the rule? That would be in the federal register. I could double check and see that that would be in the but our position is very clear. It's immaterial. Congress created a mandatory definition. When one looks at that definition in the context of digital, it's binding. When one looks at the fact that there are other parts of the statute that could alter that determination, what the Supreme Court said in digital, no go. You stick with that definition. And although it's a little nuanced in the definition of a retaliatory action in the Dodd-Frank Act, there was a provision that says all claims under the Sarbanes-Oxley Act, which included internal. So the Supreme Court is looking at a statute that has one part protecting internal disclosures, another part in which defines a term. And what they said is the definition of the term is controlling. You don't even look at those other parts of the statute. And we think- Judge Wilkins, has he answered your question? Thank you. Yes. All right. Judge Rogers, do you have any questions? No, I've asked my question. And Judge Rogers has asked those questions as well. All right. Mr. Cohn, then we'll give you a minute to reply, but we'll hear from Mr. Rady now. Good morning. Good morning, Your Honors. This is John Rady on behalf of the Securities and Exchange Commission. This court should affirm the commission's order that denied Mr. Ross's whistleblower claim for either of two independent reasons. And I'd like to start with original information. With respect to that statutory term, the commission at least reasonably determined that Congress and Dodd-Frank established a whistleblower program that operates prospectively in order to incentivize whistleblowers to come forward. This interpretation is supported by the text and context of the relevant statutory provisions. Most importantly, a statutory safe partner in Section 78U-7B that only protects information submitted after Dodd-Frank was convicted. And I'd like to answer a question that Judge Wilkins posed to my opposing colleague. The commission did cite this section in both its proposing release and the final rule. And those citations are in the proposing release, that's 75 Federal Register 70492 and footnote 20. And in the final adopting release, that's 76 Federal Register 34310 and that's footnote 94. The Second Circuit in the Stryker case relied on this provision and other statutory provisions to determine that the commission's interpretation was reasonable. Under those provisions and is relevant here, Mr. Ross did not submit any original information after Dodd-Frank was enacted that led to the successful enforcement of a covered action and his claim should be denied for that reason. Let me ask you a hypothetical. Let's suppose that the date weren't at issue and you had someone in Mr. Ross's position who discovers a fraud and reports it to his client and reports it to his employer and they both say we need to have our lawyers check into it. Thank you very much. And we'll get back to you. And both the client and the employer contact the SEC with the information and then the SEC reaches out to Mr. Ross. And he doesn't call the SEC because he's been told by his client and his employer that they want to have their lawyers look into it first. But under the SEC's rule, he would not be acting voluntarily if he completely cooperated from that point because he didn't make the first call to them, even though he would still be considered to be the source and the originator of the information, right? Your Honor, that is a correct interpretation of the commission's rule. How does that make any sense at all? Yes, Your Honor. I think if you look at the text of the statute used in the word voluntarily, if you look at the context of the fact that this was a war statute, if you look at the legislative history, and I think specifically in the Senate report at pages 38 and 110 to 112, which is referenced in the digital realty, it's clear that Congress was trying to create a new whistleblower program that was going to incentivize whistleblowers to do one thing. As a digital realty court said, a core objective of Dodd-Frank's whistleblower program is to get people to come forward and tell the commission information. Nobody's arguing that it's a bad thing if Mr. Ross tells his client, tells his employer, but we're really, what we're setting up this whistleblower program to do, and we're giving them a statutorily... Well, the way that the rule would work would be if he feels like his obligation before he goes running to the SEC is to tell his client first and to tell his employer first, and he does so, and they say, thank you, we're going to contact the SEC now. He has to say, oh, no, no, no, let me call the SEC first. Otherwise, I don't get any credit for this. That's how this works. There's got to be like a race to see who calls the SEC first. He's got to not follow his client's wishes or his employer's wishes. I think this statute, I think, is designed, as the commission said in its adoption release, I think it's also clear in the legislative history once again. It's designed to get whistleblowers to come forward and tell the commission information early. We do want to encourage people to... If he tells his client about the fraud and the client says, I'm going to call the SEC, why isn't that completely consistent with the statute? He knows the SEC is going to be called immediately because of his actions. He's not the one making the call. Your Honor, I think two answers to that question. I think the first is very similar to what essentially the last answer is that, again, I think what the commission wanted whistleblowers to do is phone the SEC. It didn't want to encourage people to go through more securities routes to get there. It wants people to just directly contact the SEC. The second answer to Your Honor's question, and although this isn't a point that I think it hasn't come up in the context of this appeal, I think Your Honor's hypothetical is getting close to a situation in which it would be possible that two whistleblowers are acting jointly together. That is something that the statute provides for. At some point, if it became the case that hypothetical Mr. Rawson's client here, you could imagine other hypotheticals. If they're working together to give the commission information, the statute will allow those two people to be considered joint whistleblowers for purposes of an award. Now, that's not relevant in this appeal. The commission rejected that possibility based on the facts here, but that would be something that would address some hypotheticals along those lines. Unless Your Honors have further questions about- Well, I thought of a financial one as well. The government doesn't want to pay a lawyer. It's not a statute designed to employ attorneys and pay them awards. It's a statute designed to get the information fast in order to cut off any potential fraud. That's another way of responding that it may not be the best choice from one point of view, but it is a choice that was deliberately made. If it doesn't make sense in the long run, they can always ask Congress to amend that, but it's not as though the opposite view is nonsensical that we would have to reject it, which I think is the underlying thesis of hypothetical. Maybe I'm wrong. Anyway, it's not before us. Your Honor, I think that's exactly right, Your Honor. I think if you look at legislative history once again, it's clear that the whistleblower program here is something new that's meant to augment what the commission has already been doing. I think that's just another point that is exactly consistent with what Your Honor is saying. If there's no further questions on any of the points raised in the briefs, the commission is happy to rest on its brief. All right. Thank you. Mr. Cohn, why don't you take one minute? Yes, thank you. Just very quickly on the voluntary issue, all of the exemptive relief cases would support having granted that from Mr. Ross, but more important, the three cases cited by the commission, their own rulemaking, all would support our interpretation and specifically the Barth case, which identifies whether they had a part in exposing it. They cite to the one case in that decision, which talks about directly or indirectly disclosing it. In regard to the original information, I would call the court's attention to the legislative history, the Senate report that says the law was based on the IRS law. The IRS law contained precisely what the commission did in the rulemaking. It had a date that you must file after this law is passed. Congress did not include that provision in this law, even though they had it right in front of them when they drafted it. And there's case law that we have cited that says that would be intentional exclusion of that type of provision. Thank you very much, Your Honors. All right. Thank you, Counsel. Madam Clerk, if you'd please adjourn court.
judges: Henderson, Rogers, Wilkins